## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| RYAN MCKINNEY, ADC #093714 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:16CV00601-SWW-JJV |
| JAMES FOSTER, Investigator, | * | |
| State of Arkansas; *et al.,* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Ryan McKinney ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendants violated his constitutional rights and is suing for "$53 million dollars (or) my freedom back into society and charge(s) drop[ped] and dismiss[ed]." (Doc. No. 2 at 9.)

Plaintiff states that Deputy Prosecuting Attorney Sarah Cowan and Deputy Public Defender Jason Kordsmeier prevented him from having an evidentiary hearing to prove his innocence. (*Id.* at 5.) Plaintiff believes an evidentiary hearing would have revealed that James Foster provided false information in an affidavit in support of a search warrant. (*Id.*)

Plaintiff's Complaint fails to provide many facts to support his claims and, instead, cites legal support for his position. (Doc. No. 2 at 5-8.) Plaintiff also provides the warrant in question, but not the affidavit. (*Id.* at 12-13.) Regardless, these deficiencies ultimately have no consequence upon this decision. The law is well settled in this area and, for the following reasons, I find Plaintiff fails to state a claim upon which relief may be granted. Therefore, this matter should be dismissed.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Title 42 , section 1983 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief in an action brought under § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011).

3

### A.     Jason Kordsmeier

A public defender is not considered a state actor within the meaning of § 1983. "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) *See also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Plaintiff's allegations against Mr. Kordsmeier constitute "traditional functions" within the meaning of *Dodson* and he should be dismissed from this cause of action on that basis.

### B.     Sarah Cowan

Ms. Cowan is a Deputy Prosecuting Attorney in Pulaski County, Arkansas. Prosecutors enjoy absolute immunity in civil suits for damages under § 1983 for actions that are "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Winslow v. Smith*, 672 F. Supp. 2d 949, 965 (D. Neb. 2009). Ms. Cowan is immune from suit and should, therefore, be dismissed as a Defendant.

### C.     James Foster

Unlike the other defendants, Mr. Foster could be sued under § 1983. But Plaintiff's claims against Defendant Foster still require dismissal.[1]

The United States Supreme Court's decision in *Heck v. Humphrey* holds that a § 1983 action to recover damages for an allegedly unconstitutional conviction or imprisonment can only lie where a plaintiff can demonstrate that his conviction or sentence has already been invalidated. 512 U.S. 477, 487 (U.S. 1994). Otherwise, a judgment in a plaintiff's favor would "necessarily imply the invalidity" of his conviction. *Id.* In this action, Plaintiff alleges he was wrongfully convicted and he seeks to hold each defendant liable for their allegedly unconstitutional involvement. Therefore,

---

[1] Dismissal based on *Heck* would also apply to Defendants Kordsmeier and Cowan.

a judgment in Plaintiff's favor would, by necessity, imply the invalidity of his conviction. At this time, however, Plaintiff provides no evidence that his conviction has been reversed, expunged by executive order, or declared invalid by either a state tribunal or a federal court's issuance of a writ of habeas corpus. Indeed, Plaintiff specifically requests, along with monetary damages, the reversal of his conviction. (Doc. No. 2 at 9.) As such, a § 1983 action based on the alleged illegality of his conviction is not cognizable at this time.

Based on the foregoing, I conclude that Plaintiff's cause of action should be dismissed. If he wishes to challenge *only* the fact or duration of his conviction, then he may file a separate habeas action. If he seeks damages available under § 1983 which stem from his conviction, he must first wait until he has invalidated that same order of conviction through appropriate channels.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 25th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."